**FILED**
04/14/2025
Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 18, 2025 at Knoxville

## JASON STEVEN MOLTHAN v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Williamson County**
**No. B-CR190572      Joseph A. Woodruff, Judge**

_____

### No. M2024-00529-CCA-R3-PC

_____

Petitioner, Jason Steven Molthan, appeals from the trial court's summary denial of his motion to correct an illegal sentence related to his misdemeanor convictions for stalking and harassment, for which he received consecutive sentences of eleven months and twenty-nine days. On appeal, he argues that the trial court erred by denying his motion without the appointment of counsel and a hearing; that the trial court improperly imposed consecutive sentencing by finding that his history of criminal activity was extensive; and that he received ineffective assistance of appellate counsel in his direct appeal. After a thorough review of the record, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and JILL BARTEE AYERS, JJ., joined.

Jason Steven Molthan, Franklin, Tennessee, pro se.

Jonathan Skrmetti, Attorney General and Reporter; Caroline Weldon, Assistant Attorney General; Stacey Edmondson, District Attorney General; and Jennifer K. Dungan, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### <u>Factual and Procedural Background</u>

The judgments in this case reflect that, on August 24, 2021, a Williamson County jury convicted Petitioner of stalking and harassment, both Class A misdemeanors, related to conduct occurring between October 2018 and January 2019. *See* Tenn. Code Ann. §§ 39-17-308(a)(2), -315. As this court noted on direct appeal, appellate counsel "filed a

notice that 'there is no transcript or statement to be filed' and that neither the trial court nor the *pro se* [Petitioner] provided a court reporter for the misdemeanor trial."[1]  *State v. Molthan*, No. M2021-01108-CCA-R3-CD, 2022 WL 17245128, at *1 (Tenn. Crim. App. Nov. 28, 2022), *no perm. app. filed*.  The judgments were entered on September 1, 2021.

On direct appeal, Petitioner argued, in relevant part, that the trial court erred in "failing to provide a written order of the multiple sentences pursuant to" Tennessee Rule of Criminal Procedure 32(c).  *Id.* at *2.  This court concluded that the issue was waived because Petitioner's brief contained no specific argument, citations to the record, or citations to the authorities relied upon.  *Id.*; *see* Tenn R. App. P. 27(a)(7).  Petitioner's judgments of convictions were affirmed by this court on November 28, 2022, and Petitioner did not seek further review.  *Id.*

The record reflects that Petitioner posted bond and was released pending the disposition of his direct appeal.  Petitioner was extradited from California to begin serving his sentences on December 12, 2023.

On January 29, 2024,[2] Petitioner filed a pro se "Motion to correct sentence by running concurrent instead of consecutive" ("motion to correct sentence").  Petitioner argued that he did not meet the criteria for consecutive sentencing found in Tennessee Code Annotated section 40-35-115(b) because he had no prior criminal convictions.  On January 30, 2024, Circuit Judge Erin W. Nations entered an order instructing the State to file a written response and scheduling the case on the March 1, 2024 docket.

On January 31, 2024, Petitioner filed an amendment to the motion to correct sentence, in which he requested that the Circuit Court Clerk attach copies of his judgments to the motion "to put it into conformity with" Tennessee Rule of Criminal Procedure 36.1.

On February 8, 2024, Petitioner filed a pro se notice of appeal in this court, in which he stated that his "previous [a]ppeal was erroneously 'waived' without his permission and hereby seeks to Reinstate and secure his [r]ight to [a]ppeal this case."  Petitioner asserted that he was "robbed of [his right to appeal] unfairly by ineffective counsel."  He also filed another copy of his motion to correct sentence in this court.  On February 21, 2024, this court issued a per curiam order dismissing the appeal, stating, "To the extent [Petitioner] now seeks to challenge his previous attorney's representation or the legality of his sentence, he must first petition the trial court for relief.  Tenn. Code Ann. §§ 40-30-101 et seq. ("Post-

---

[1] Petitioner represented himself at trial.

[2] Petitioner dated the motion January 23, 2023; however, the court clerk's stamp filed and Petitioner's similar motions reflecting dates in January 2024 indicate that this was likely a scrivener's error.

Conviction Procedure Act"); Tenn. R. Crim. P. 36.1 ("Correction of Illegal Sentence")."
*See State v. Molthan*, M2024-00202-CCA-R3-CD.

The record reflects that the State filed an answer to Petitioner's motion to correct sentence.[3] Petitioner subsequently filed a motion for a continuance in order to give him time to respond to the State's answer; on the same date, he filed his response to the State's answer.

On April 4, 2024, Petitioner filed three pro se notices of appeal in this court, which respectively referenced the denials of a January 2024 motion challenging jurisdiction, a January 2024 motion to apply time served in California to his sentence, and the motion to correct sentence. On April 26, 2024, Petitioner filed a "statement of evidence," in which he recounted that, after he requested a continuance, the scheduled hearing did not occur; instead, the trial court took the matter under advisement. Petitioner stated that he had not yet received an order denying his motion to correct sentence but that he had filed his notices of appeal assuming that the trial court had denied his motions on March 22, 2024.[4]

On July 24, 2024, this court issued an order stating that this court only had authority to consider the trial court's denial of Petitioner's Rule 36.1 motion, as the "plain language of [Tennessee Rule of Appellate Procedure] 3(b) does not authorize an appeal as of right from the trial court's orders denying [Petitioner's] "Motion to Apply Time Served to Sentence" or "Motion to Challenge Jurisdiction.""

After determining that the appellate record did not contain any order from the trial court denying Petitioner's motion to correct sentence, this court ordered that the Circuit Court Clerk supplement the record with the trial court's order. Thereafter, the trial court entered an April 1, 2025 order, stating as follows:

> The record contains no order deciding Petitioner's motion or amended motion. It is *de hors* the record whether a hearing was held after the State's response was eventually filed. However, even if there were not a hearing, the parties' respective arguments are well stated in their written filings and this [c]ourt determines that the motion can be ruled upon without a hearing, pursuant to Tenn. R. Crim. P. 36.1(b)(3).
>
> The [c]ourt hereby concludes Petitioner's motion and amended motion seeking alteration of his sentence is due to be denied. This is so for

---

[3] The State's answer is dated February 9, 2024, but was stamp filed on April 29, 2024. The trial court's order denying the motion to correct sentence also states that the State did not file its answer as instructed (before March 1, 2024) and instead filed it on April 29.

[4] It is unclear why Petitioner thought the motions were denied on March 22, 2024.

- 3 -

two reasons: Firstly, Petitioner raised this issue in his direct appeal and the Court of Criminal Appeals denied Petitioner any relief; therefore, the law of the case precludes granting Petitioner relief by way of post-appeal motion in the trial court. Secondly, the trial court's imposition of consecutive sentencing was permissible pursuant to Tenn. Code [Ann.] § 40-35-115(b)(2) and therefore does not constitute an illegal sentence.

Petitioner is an offender whose record of criminal activity is extensive. Petitioner has a record of a previous conviction for the offense of stalking perpetrated against the same victim as in this case, for which he received a sentence suspended to probation. Petitioner began the criminal activity for which he was convicted in this case within a few days following the expiration of his probation for the previous offense. Petitioner's acts of harassment against the victim consisted of thousands of unwanted electronic communications directed to the victim.

## **Analysis**

On appeal, Petitioner asserts that the trial court erred by summarily denying his Rule 36.1 motion because his consecutive sentences are illegal and that the trial court erroneously found he had an extensive record of criminal activity.

The State responds that Petitioner did not state a colorable claim for relief under Rule 36.1 because his consecutive sentences were imposed pursuant to the applicable statutory scheme and did not involve "a prohibited release eligibility date nor statutorily required consecutive sentencing." *See Davis v. State*, 313 S.W.3d 751, 759 (Tenn. 2010).

As a preliminary matter, Petitioner's "prematurely filed notice of appeal shall be treated as filed after the entry of the judgment from which the appeal is taken and on the day thereof." Tenn. R. App. P. 4(d).

Tennessee Rule of Criminal Procedure 36.1 allows a defendant or the State to seek correction of an illegal sentence. As provided in Rule 36.1, an illegal sentence is "one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a)(2); *see State v. Wooden*, 478 S.W.3d 585, 594 (Tenn. 2015). "[A] Rule 36.1 motion must include factual allegations concerning the basis of the illegal sentence claim in order to state a colorable claim for relief." *Id.* at 593. Under Rule 36.1, a colorable claim is "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief[.]" *Id.* "If the court determines that the motion fails to state a colorable claim, it shall enter an order summarily denying the motion." Tenn. R. Crim. P. 36.1(b)(2). Whether a Rule 36.1 motion states a colorable

claim for correction of an illegal sentence is a question of law which this court reviews de novo. *Wooden*, 478 S.W.3d at 589.

"[M]istakes in sentencing are inevitable, but few sentencing errors render sentences illegal." *Id.* at 595. "Sentencing errors fall into three categories—clerical errors, appealable errors, and fatal errors." *Id.* Clerical errors "arise simply from a clerical mistake in filling out the uniform judgment document" and may be corrected at any time under Tennessee Rule of Criminal Procedure 36. *Id.* Appealable errors are errors "for which the Sentencing Act specifically provides a right of direct appeal." *Id.* Only fatal errors render the sentence illegal and void. *Id.* (citing *Cantrell v. Easterling*, 346 S.W.3d 445, 452 (Tenn. 2011)). Imposition of a sentence "that is not authorized by the applicable statutes or that directly contravenes an applicable statute" is a fatal error. *Id.*; *see* Tenn. R. Crim. P. 36.1(a).

In this case, Petitioner's assertion that the trial court improperly ordered consecutive sentences is an appealable error, not a fatal error. As this court has recently stated,

> Although a trial court's failure to make appropriate findings justifying consecutive sentences may be remedied on direct appeal, the failure does not render the consecutive sentences *illegal*. Indeed, we have specifically held that "a failure to make required findings in support of consecutive sentencing is not a fatal error that would render the sentences illegal and entitle the [Petitioner] to either habeas corpus or Rule 36.1 relief." *State v. Moses*, No. W2019-01219-CCA-R3-CD, 2020 WL 4187317, at *4 (Tenn. Crim. App. July 20, 2020), *perm. app. denied* (Tenn. Dec. 4, 2020).

*State v. Carino*, No. E2023-01089-CCA-R3-CD, 2024 WL 270804, at *2 (Tenn. Crim. App. Jan. 25, 2024), *perm. app. denied* (Tenn. May 17, 2024). Similarly, even if true, Petitioner's contention that the trial court incorrectly found that he had an extensive history of criminal activity would not entitle him to Rule 36.1 relief. The trial court properly summarily dismissed the motion to correct sentence for failure to state a colorable claim.

## Conclusion

Based on the foregoing and the record as a whole, the judgment of the trial court is affirmed.

s/ *Robert L. Holloway, Jr.*

ROBERT L. HOLLOWAY, JR., JUDGE

- 5 -